IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-HC-02190-M

ELVIN IRIZARRY,                    )
                                   )
                    Petitioner,    )
                                   )
          v.                       )          **ORDER**
                                   )
WARDEN R. RAMOS,                   )
                                   )
                    Respondent.    )


This cause is before the court on petitioner's instant motion for reconsideration. See Mot.

[D.E. 38] (citing Federal Rule of Civil Procedure 59).

Petitioner argues that, because his sentencing range under the United States Sentencing

Guidelines ("U.S.S.G." or "Guidelines") was 360 months to life:

> the maximum sentence that was required to be applied in this case was a total
> sentence of 360 months, including a 60 month consecutive as required by § 924(c),
> that would be subtracted from the total offense level and then added back on for a
> total sentence of 360 months as required by §2k2.4 Application Note 2 [sic].

Id. at 1–2.

Petitioner reiterates his contention that the sentencing court misapplied the Guidelines

when it sentenced him to life imprisonment. Id. at 2–3. Petitioner argues: "The District Judge in

this case also made it clear that the Court failed to follow the subtraction procedure that was

required by §2k2.4 Application Note 2, of the applicable sentencing guideline"; he has served his

sentence "in full"; and his claims may proceed in a § 2241 habeas petition. See id. at 3. Petitioner

further reiterates arguments regarding the Guidelines, and that his life sentence is defective under

United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). Id.

at 4–5. Petitioner also again argues that the sentencing court's application of the 1993 version of the Guidelines violated the Constitution's Ex Post Facto clause. Id. at 5–8.

The court has considered this motion for reconsideration under the governing standards. Because petitioner merely seeks to re-litigate his prior claims but does not cite to any change in controlling law, raise newly discovered evidence, identify any clear error in the court's prior order, or show that the result was manifestly unjust, petitioner is not entitled to relief under Rule 59(e). See Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and quotation marks omitted)).

Further, because petitioner fails to raise a "meritorious claim or defense," or otherwise demonstrate that "exceptional circumstances warrant the relief," he also fails to meet the threshold requirements for relief under Federal Rule of Civil Procedure 60(b). Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010).

Accordingly, petitioner fails to establish grounds for relief under either Rule 59(e) or Rule 60(b), and the court DENIES the instant motion for reconsideration [D.E. 38].

SO ORDERED this 18th day of April, 2023.

RICHARD E. MYERS II
Chief United States District Judge

2